JACK JONES v. STATE.

No. 2244.   Decided January 29, 1913.

**Obstructing Public Road—Insufficiency of the Evidence.**

Where the obstruction was not placed in the public road, but on a passage way adjoining the same, the conviction could not be sustained.

Appeal from the County Court of Morris.   Tried below before the Hon. C. M. Henderson.

Appeal from a conviction of obstructing a public road; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of obstructing a public road.

As the place where the obstruction is shown to have been placed is conclusively shown by the evidence not to have been in the public road as created by the Commissioners' Court, but on a passage way adjoining the road, owned by appellant, and it not being shown that the passage way had been dedicated to public use, the evidence will not sustain a conviction.

*Reversed and remanded.*

---

R. P. BUTLER v. STATE.

No. 2236.   Decided January 29, 1913.

**Adultery—Recognizance—Punishment.**

Where the recognizance failed to state the amount of punishment, the appeal must be dismissed on motion of the State.

Appeal from the County Court of Raines.   Tried below before the Hon. O. H. Rodes.

Appeal from a conviction of adultery; penalty, a fine of $250.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—On motion of the Assistant Attorney-General the appeal in this case must be dismissed.   The recognizance is insufficient in that it fails to state the amount of the punishment.   The statute requires that this shall be done.

For the reason indicated the motion to dismiss the appeal is sustained.

*Dismissed.*